on behalf of the people of the state of Illinois, thank you for being Walter J. Frank, Mr. Thomas H. Newman. Mr. Stephen A. Rogers. Good morning, Your Honor. May it please the Court, Counsel. I'm here today on behalf of Walter Brown, who filed an appeal in Lake County Case 13-CF3644. In that case, he's convicted of armed habitual criminal after a bench trial and sentenced to an agreed term of eight years' imprisonment. Point out right off the top here, he did not plead guilty in this case. Besides agreeing to the eight-year sentence, he agreed to... He agreed to everything. Do you dispute that he agreed to everything? No. On the face of the record, at the hearing, he did agree to withdraw his right to... He withdrew the motion for a new trial and withdrew his... Inherent right to appeal. Right, okay. But for that appeal waiver, he could appeal the conviction here, even though he agreed to the sentence. But the issue was the motion to suppress. Well, he also contested the... Not just that. He also contested the sufficiency of the evidence at trial. There were other things raised in the motion for a new trial, but, yes, a lot of it was based on the motion to suppress. So, anyway, but for the appeal waiver, he could appeal it. Now, the agreement to waive the right to appeal, withdraw the motion for a new trial and accept the eight years was part of what they termed a global disposition, and I'll use that terminology also. It included two other cases. He pled guilty to a Class I charge, thereby avoiding a Class X conviction in Case 14-CF-614 and got a consecutive probation, consecutive to the eight-year prison sentence, and a domestic case from 2013 was dismissed as part of a global disposition. That global disposition was entered on February 10th, 2016. Within 30 days, he timely moved to... Let's assume it was timely. Get to the meat of it. Please. All right. We're saying... We basically have a question of first impression here, Your Honors. There is no Illinois case law. What do you do with a motion to withdraw an appeal waiver? We would submit it was filed within 30 days. It should be treated as a timely post-judgment motion. Just like Supreme Court Rule 606 contemplates, do you have a timely post-judgment motion, and what's the effect of that on a right to appeal? We would submit this constitutes a timely post-judgment motion. Although the defendant was acting pro se, he happened to file what we would submit is the appropriate motion to contest what had happened in Case 13-CF-3644. A motion to withdraw the appeal waiver was what he had to do in that case. What should the trial court have done, in your opinion? In my opinion, what the court should have done is have brought the defendant to court and advised him, okay, you timely moved to withdraw your appeal waiver. But that appeal waiver was part of the global disposition. You also pled guilty in another case. If you want to pursue that motion, you also have to move to withdraw that guilty plea. Advise him of that and told him, no, this is a critical phase of the case. It's a timely post-judgment motion. You have a right to counsel, and then let him go consult with counsel, file the motion to withdraw the guilty plea in the other case, and amend this one to his pro se motion, other than saying there were substantial constitutional violations. It doesn't specify grounds. The bottom line question with any appeal waiver, as with the guilty plea, is was it knowingly and voluntarily entered? And knowingly and voluntarily entered also encompasses with the effect of assistance of counsel. So what ultimately would be probed here is, what would ultimately have to be advanced is, was this knowingly and voluntarily entered? The plea and the appeal waiver. But as far as triggering a procedure here, I think what you needed to do is, rather than the court, I won't say sua sponte because the written order says the state was there. I don't know how exactly the state is there when it's resolved by a written order, and there is no report of proceedings from March 31st when the court denied the motion to withdraw the appeal waiver. But the defendant wasn't there. The defense counsel from the plea negotiations wasn't there. There was nobody there on the defendant's behalf. And we're submitting what the court should have done is brought the defendant in, told him what he had to do. We understand that he cannot take back just the appeal waiver. He's got to ask to take back the guilty plea, too. It was a global disposition. But your position is that motion, bare bones as it was, was sufficient to trigger a specific procedure? And I was saying 604-D-like procedures. Yeah, but 604-D is a plea. 604-D is a plea. But, again, your honors have to determine. You have to bring our human services attorney. Suppose in this case there were no other charges. Suppose in that case he were found guilty at the bench trial,  Okay, the state will only ask for eight years. You waive the right to appeal. And then within 30 days after that's done, they go through with that. Within 30 days, the defendant filed the motion he filed here. Something would have to be done with that motion. And we would submit dealing with it summarily without bringing the defendant to court and talking to him would not be the appropriate way to deal with that motion to take back the appeal waiver. You need to bring him in. I would submit a timely post-judgment motion has to be a critical phase of the case. Therefore, the constitutional right to counsel did attach to that motion once it was timely filed. You cannot resolve that motion without giving the defendant a right to be heard and giving, in some form, the assistance of counsel. So that's our position. No, the pro se defendant did not put both case numbers on this motion or he did not file a motion to withdraw the guilty plea in addition to the motion to withdraw the appeal waiver. But he timely did something to challenge that global disposition within 30 days, and that should have triggered some sort of process to inquire into it. So you're not contesting that if something was to be done, it would have had to have unwrapped the whole thing? Correct. So that's not really an issue? I understand this was a global disposition and it was part of the agreement covering both cases. I'm not sure exactly that any post-plea reference needed to be or post-disposition reference needed to be made to the dismissed case. I don't know what you'd file in a case that had been dismissed. But at least the two cases, he has to proceed to undo what happened in the two cases in which he's convicted. If he's going to undo part of it, he's going to undo all of it. I'm not advocating that he has any right to undo part of the bargain. Now, I think that's how the trial judges get it, but I think that's one of the places the trial judge, besides on the wrong track, besides wrongly finding it to be untimely, I think the trial judge got off track by not focusing on, well, okay, but there's a way to proceed on this where, you know, okay, he only asked to undo part of this, so bring him in and talk to him about that and tell him he got to undo the whole thing. That's what I think basically the trial court should have done here. Okay. We ask that you reimburse him immediately. Thank you. Got it. Was it timely or no? I didn't contest the timeliness, Your Honor. I understand and made the concerns regarding all an incarcerated defendant can do is turn the mail over. It's really about as weak as it gets. There's no notarization, but with that being said, defendant puts a March 6th, signs it. I'm in the reception center. I have no access. There's really nothing on the contrary to say it's certain he turned it in on another date. So the state does not object or does not challenge the timeliness of the motion. But what the state challenges is essentially what this motion was. And if it wasn't a motion to withdraw the entirety of the plea agreement, which included 14 CF 614, the possession of cocaine, which defendant didn't plead guilty to, if it was not a motion to withdraw the entirety of the agreement, then it did not comply with Rule 604D, and there would be... How do we get to 604D? Well, because this case was wrapped into the 14 CF 614. What if we look at it the other way and say the plea was wrapped into the finding of guilty? And I'm kind of putting you on the spot because I'm sure you recognize, too, this does not come up often where we're in a post-conviction time frame where one case came up by way of a finding of guilty and the other comes before us by a plea. So that's why I was like, is it a 604D? Is it just a regular post-trial motion? I'm sorry, post-trial motion? Or is it a hybrid? The case in general is certainly a hybrid in that, yeah, because I know the Fearing case is one where there was a finding of guilt, and then there is a guilty plea to one, a dismissal of five other cases. So you have that kind of hybrid. He agrees to the waiver on the cases he was found guilty of. The difference is the defendant in this case filed something, and Fearing just filed a notice of appeal and wanted to challenge. So the state in that case says, you waived your right to appeal. The court says we're going to hold you to that. The difference in this case is the defendant did file something. So arguably he's just trying to preserve his right to appeal. I mean, what standard do we hold a pro se defendant to figure out what arguably all of us are struggling with? The difference, it's not really a 604D. It's not. So what is enough? What would be enough to trigger? Well, certainly. Well, so I laid out and you have Gibson, Gonzalez, Velasco, and I know those cases don't perfectly fit this either. But motion to withdraw the plea agreement, if he puts both cases he's at least acknowledging this encompasses everything. Or any allegation of ineffective assistance. I was, you know, the attorney led me in the wrong direction, coerced me to plead guilty. Some indication that the agreement was entered into unknowing or involuntarily. Because without that, I think the trial court looked at it the right way. This was always the hang up for a defendant, was waiving his appeal rights. They actually had gotten out of the 402, I believe took a couple weeks, and once they put on the record you're going to waive your appeal rights, he said, whoa. Yeah, they step back and take another, I believe, week and a half. And he comes back and the admonishments were about as good as it gets. Very lengthy. Each case step by step. You have to withdraw this agreement. You know, it's not piece by piece. So I don't think this is a case where the defendant was led in the wrong direction. In that, you know, maybe he thought he could challenge this case individually. I think what the defendant wanted to do is, I have a constitutional right to appeal. I want to go ahead and do that. And, of course, fearing the castle and say that's something that's waivable. Oh, I agree with you that it can be waived. But the question here is whether or not this was enough to trigger some procedure beyond the trial court reading it and saying, no, you either got to vacate all of it or none of it, you didn't ask specifically to vacate everything and allow the state to reinstate the domestic violence that was dismissed. Therefore, it's insufficient. I guess we struggle with what's enough. And why isn't this just, as counsel said, a timely post-judgment motion? I guess the state's position is it doesn't quite get to the gifts and the last gunning. Because it doesn't mention all the cases. Not just putting the number on there, but if it was motion to withdraw the plea agreement entered on February 10th. But, again, it's not a plea agreement. There was no plea in the second. And I don't mean to keep trying to, I'm not shooting the messenger here, but this is what I struggle with. It's not a plea. The 13 CF case is not a plea. So how does he, a defendant down there going, hey, I didn't plead guilty then. I got found guilty. How does he know the difference? Aren't we, should this be enough to at least have the trial court require the state to write him in and appoint counsel? Now, this may be the ultimate resolution of this motion anyway, but is he entitled to counsel on a timely file post-judgment motion? I mean, the state's position, of course, yeah. It's a unique situation. And I couldn't find anything that was right in line. But, I mean, if this was going to be enough, it would just be so minimal that as defense acknowledges, he would almost have to be brought in and say, hey, you did the wrong thing. I'm going to now let you do what needed to be done and kind of explain. Tell you how to do it. Yeah, tell you how to do it and that, you know, the appointment of counsel could get that accomplished too. But it is an agreement. It's just not a plea agreement. Yes, sir. It's a sentencing agreement on the one hand. Exactly. And it's tough. I mean, there are no cases exactly lining up with this. So that's why we're looking to you to say where you think this falls outside because he only asked about one aspect of this global disposition. Yeah, I think, you know, acknowledging that it was a global agreement, anything along the lines of, you know, a motion to withdraw agreement entered onto February 10th, even if then he's just alleging the appeal waiver. You know, I never wanted to agree to the appeal waiver. My attorney basically lied to me and said he was going to do X, Y, and Z. That would at least show there's some potential that he unknowingly entered into the agreement. That would probably be rebutted by all the admonishments. But at least then he gets counsel. Is this properly raised as a post-conviction? In this case? I don't believe so. I mean, if it was a timely filed post-judgment motion, this would be the direct appeal. I know sometimes in, you know, 2-1401 cases that let's just treat it like a post-conviction. Well, the gist of it, I assume, is going to be that my attorney did or didn't do X outside the record. Exactly. So does this properly lie then more appropriately as a post-conviction because you're going to have to go, essentially the defendant has to go outside the record in order to prevail, if at all? Yes, sir. I think that's what the recommendation was. It would make more sense to file a post-conviction petition if it raises the gist of a constitutional claim, makes it to the third stage, of course, then have the attorneys testify, you know, what went back and forth. I mean, just from reading it, I don't think it would make it that far because a lot of the allegations are he was going to procure transcripts. I don't know if any of that would get to the knowing and voluntary nature of the plea. It may have been something the defendant wanted him to do. Okay. Questions? Okay. Interesting. Interesting case. We've cut you off with so many questions. Go ahead and make your argument. Well, no. I think it's essentially that this was not a motion to withdraw the entirety of the plea agreement. In theory, the appellate court said you cannot unravel a portion, and this motion was focused very narrowly on a single portion Really, I won't say the only thing the defendant gave up, but withdrawing that post-trial motion and waiving the right to appeal in that case was really the biggest concession. And then almost everything else went his way. The possession of cocaine case, dropping a Class X to a Class I, the dismissal of the aggravated battery. The defendant got a substantial benefit. Oh, no question. And to attempt to unravel really the only thing the state requested. Well, we're not arguing that it was a good motion, that this was a good thing for the defendant. The question is, is that enough to trigger some procedural safeguards? The state position is not under the cases because it neither expressly said motion to withdraw, guilty plea, any sort of motion to withdraw the entire agreement, and there were no allegations which were made multiple months later about ineffective assistance And I guess to some extent that would go to voluntariness. Right. That he relied on what his attorney told him, but his attorney couldn't have been fully apprised because he never got the transcripts and it was a different blah, blah, blah. I mean, I get the gist of it, which is what sort of led me to think, is it more properly a post-conviction? Anyway, Justice Fentz, any further questions? Thank you. Thank you very much for your argument, and you're asking that we affirm the trial court. Thank you. Counsel. The defendant did not do the wrong thing here. He did exactly the right thing in Case 13-CF-3644. That was the way to challenge the judgment in that case. But can he just challenge the judgment in that case? I said I've already conceded. Okay. I've conceded what should have happened beyond that. I'm saying basically that should have been the trigger. As a timely post-judgment motion in one case, it should have triggered bringing the defendant to court and proceeding further and letting him know he had to challenge both if he was going to go ahead. The state also says the defendant just filed this because he wanted to appeal. Remember, he did not file an illicit appeal. What he filed was a motion to withdraw the appeal waiver. He did exactly the right thing in Case 13-CF-3644. Yes, this is a hybrid. We have to deal with this as a hybrid situation because we have one case with a bench trial and one not. But the fact that he timely challenged part of it should have given him the opportunity to challenge the whole thing and with the assistance of counsel. This has to be a critical phase. It's a timely post-judgment motion. No, the defendant didn't use the magic language the state would like in what he filed, but he at least filed something asking to withdraw the appeal waiver and making reference to some violation of his substantial constitutional rights. Lastly, I would say Mr. Brown should not have to resort to a post-conviction petition where he has to get through that Phase 1 initial pro se pleading. We know he doesn't do great at pro se pleadings based on what he filed here, but since he timely filed something where he should have triggered the constitutional right to counsel, he should be able to proceed with counsel on this. We should not have to wait for a post-conviction. Yes, he can do a post-conviction if he does not succeed in this appeal, but he should not have to resort to that where he did timely file a motion to withdraw the judgment in this particular case. Any questions? Thank you. Thank you. Gentlemen, fascinating, fascinating issue. Really appreciate your arguments and your willingness to answer a barrage of questions. Thank you.